UNITED STATES DISTRICT COURT                                O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EUSTORGIO TORRES-VARGAS | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. 5:08-cv-123 |
| VS. | § | CRIMINAL NO. 5:07-cr-960 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## OPINION & ORDER

Pending before the Court is Petitioner Eustorgio Torres-Vargas' ("Torres") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 18 U.S.C. § 2255. [Dkt. No. 1].[1]   After duly considering the petition, supporting memorandum, and applicable law, the Court **DENIES** Torres' motion.

## I.      BACKGROUND

On July 3, 2007, a federal grand jury returned a one-count indictment against Torres, charging him with illegal re-entry after being denied admission, excluded, deported, and removed, in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557.  [Cr. Dkt. No. 6].  Torres entered a guilty plea before United States Magistrate Judge Adriana Arce-Flores.   [Minute Entry of 11/9/07].   His plea agreement contained the following provisions:

> 10.     In exchange for the concessions made by the Government in this agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his/her guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever.  **Such waiver expressly includes, and Defendant expressly agrees not to file, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to any statute, law,**

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:08-cv-123.  "Cr. Dkt. No." will be used to refer to the docket number entries in criminal case number 5:07-cr-00960-1.

**procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C., § 3742 and Title 28, U.S.C., § 2255.**

In waiving those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Understanding this, Defendant agrees to waive the right to "collaterally attack" his/her conviction and/or sentence in any manner whatsoever, including Title 28, U.S.C. § 2255. Defendant is also aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed and/or the manner in which such sentence was determined. Understanding this, Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds whatsoever, including, without limitation, those set forth in Title 18 U.S.C. § 3742.**

[Cr. Dkt. No. 14 ¶ 10 (emphasis in original)]. Torres and his counsel signed the plea agreement. [Cr. Dkt. No. 14 at 7].

At a re-arraignment hearing on August 9, 2007, the Magistrate Judge placed Torres under oath and explained the implications of his plea agreement. *See* Fed. R. Crim. P. 11(b)(1). The Magistrate Judge began by explaining that "[t]he Court will review the plea bargains for those of you that have signed one and have written one." [Digital Recording of August 9, 2007 Re-arraignment ("R.Rec.") at 11:52 p.m.]. The Magistrate Judge then asked Torres to state whether he had reviewed the plea agreement: "Eustorgio Torres-Vargas, did you see and sign your agreement?" [R. Rec. at 11:53 p.m.]. Torres answered "[y]es." [*Id*.]. The Magistrate Judge then asked Torres to affirm his understanding of the plea agreement:

All of your agreements are identical. They ask that the court grant you acceptance of responsibility for entering a timely plea of guilty. They also ask that you be sentenced at the appropriate level of the guidelines after that reduction has been taken. Additionally they ask for a one level reduction for waiver of appeal. I'll remind each of you that that is a recommendation. Is that the extent of the agreement for those of you with a written plea bargain?

[*Id*.]. Torres also answered "yes" in response to this question. [*Id*.]. The Magistrate Judge then discussed the implication of Torres' waiver of his right to appeal: "Additionally you have given up your right to an appeal which means you cannot argue your case to another court in exchange

for an additional one level reduction."  [R. Rec. at 11:54 p.m.].  Thereafter, Torres pleaded guilty, [R. Rec. at 12:15 p.m.], and the Court subsequently accepted his plea.  [Cr. Dkt. No. 17].

On November 9, 2007, Torres appeared before Judge John Stagg ("Judge Stagg") for sentencing.[2]  Judge Stagg sentenced Torres to twenty-one months, to be served consecutively with a twelve-month sentence imposed for Torres' violation of the terms of his supervised release in a previous matter, for a total of thirty-three months in prison.[3]  [Minute Entry of 11/09/2007].  Further, Judge Stagg sentenced Torres to a three-year term of supervised release, ordered Torres to pay a one hundred dollar assessment, and also ordered Torres to learn English and write a letter to Judge Stagg in English.  [*Id*.].  Finally, Judge Stagg stated that Torres had not waived his right to appeal the revocation of his supervised release and that notice of such appeal would be required within ten days.  [Tape Recording of November 9, 2007 Sentencing Hearing].  Torres did not file a notice of appeal of the revocation.  Judgment was entered on November 27, 2007.[4]  [Cr. Dkt. No. 24].

Torres filed the instant motion on September 12, 2008.  [Dkt. No. 1].  He asks that the Court "grant [him] a downward departure" because "[he] can't be house [sic] in minimum security facility, or community Correction center based on [his] deportation alien status."  [*Id*.]. Further, he asserts that, "[a]n alien is deprived of his benefits or privileges due to his or her status and find [sic] himself/herself committed to harsher time, or sentence due to his/her status in the United States of America."  [*Id*.].

---

[2] On November 9, 2007, the case was reassigned to Judge Stagg.  After sentencing and the entry of judgment, the case was reassigned to Judge Micaela Alvarez on January 2, 2008.
[3] The pertinent terms of Torres' supervised release in case number 5:05-cr-00673-1 state that "[i]f deported, the defendant is not to re-enter the United States illegally."  [Case number 5:05-cr-00673-1; Cr. Dkt. No. 20].
[4] Judgment became final on December 7, 2007.  Fed. R. App. P. 10(b)(1)(A).  Torres filed his motion within one year of this date, on September 12, 2008, thus his petition is timely.

## II.      DISCUSSION

### A.      Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).  Generally, § 2255 allows relief in four areas: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . ."  *Id.*

### B.      Waiver of Right to Appeal and Collateral Attack

Torres asks the court to grant a "downward departure" in his sentence and also asserts that, due to his alien status, he is deprived of benefits and privileges and is also committed to a harsher sentence.   [Dkt. No. 1].   The Court must first determine, however, whether Torres' claims are foreclosed by his waiver of the right to collaterally attack his sentence.

A defendant may waive his right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *see United States v. Bond*, 414 F.3d 542 (5th Cir. 2005) (holding that a "knowing and voluntary" standard applies to waiver of appeal).  A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based on the plain

language of the agreement." *Bond*, 414 F.3d at 544.  However, when a petitioner does not allege, and the record bears no indication, that ratification of the plea agreement was involuntary, the defendant will be held to the bargain he made and the court need not presume that the waiver was ineffective.  *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *Bond*, 414 F.3d at 544 (citing *United States v. McKinney*, 406 F.3d 744, 746-747(5th Cir. 2005)).

A careful review of the record shows no evidence that Torres' waiver of his right to collaterally attack his sentence under § 2255 was unknowing or involuntary.  First, by signing the plea agreement, Torres acknowledged that he had reviewed it with counsel and understood its terms, including the provisions in paragraph ten that he would not file any collateral attacks on his sentence, that he was aware that his waiver of rights included the right to collaterally attack a sentence after it became final, and that he agreed to waive his right to collaterally attack his sentence.  [Cr. Dkt. No. 14].  Furthermore, at the arraignment hearing, the Magistrate Judge reviewed the terms of the plea agreement with Torres.  The Magistrate Judge specifically asked Torres whether he saw and signed his plea agreement, to which Torres replied affirmatively.  [R. Rec. at 11:53 p.m.].  While the Magistrate Judge did not specifically inform Torres that he could not collaterally attack his sentence, as required under Rule 11(b)(1)(N), the Magistrate Judge did ask Torres whether he understood that his plea agreement asked for a "one level reduction for waiver of appeal." [R. Rec. at 11:53 p.m.].  Torres answered affirmatively.  [*Id*.].

If effective, the plain waiver language of Torres' plea agreement would preclude consideration of the motion now before the Court, as the motion collaterally attacks Torres' sentence and detention.  *See Bond*, 414 F.3d at 544 (noting that the waiver must apply to the circumstances at hand, based upon the plain language of the agreement).  A careful review of Torres' filings reveals no allegation that his waiver of collateral attack was unknowing or

involuntary.  Therefore, based on the plain waiver language of Torres' plea agreement, the Court concludes that Torres knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence.  However, even if Torres had not validly waived his right to collaterally attack his sentence, he would not prevail.  The Court will now address this claim to explain why Torres would not prevail.

### C.    Downward Departure from the Sentencing Guidelines Range

Torres urges the Court to "grant [him] a downward departure" because he is unable to complete his sentence in a minimum security facility or community correction center due to his alien status.  [Dkt. No. 1].  Under the liberal pleading requirements of § 2255 pleadings filed by pro se litigants, the Court will construe Torres' request as a claim that Judge Stagg should have taken Torres' alien status into consideration and granted him a downward departure.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

However, the Court finds that the fact that Torres is a deportable alien, without more, would have been insufficient to warrant a departure from the Sentencing Guidelines.  In fact, because he was sentenced for an immigration violation, a departure would have been impermissible.  *United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993); *United States v. Garay*, 235 F.3d 230, 234 (5th Cir. 2000).

When alien status is an inherent element of the crime, the Sentencing Commission has already factored this into the guideline sentencing range, and a district court therefore may not depart from the range on this basis.  *Garay*, 235 F.3d at 233 n.18, 234.  Therefore, Torres' claim that the Court should grant a departure in consideration of his alien status is without merit.

### D.      Constitutional Challenge to Sentence

Second, Torres essentially argues that United States citizens and aliens live under the same rules, policies, privileges, and standards.  This claim, in which he is essentially arguing denial of equal protection and due process, is constitutional, and may be considered under 28 U.S.C. § 2255.  However, his argument — that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States — actually concerns the execution of a sentence, not the sentence's validity, and is therefore only proper under 28 U.S.C. § 2241.  *Carvajal v. Tombone*, 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).  To construe such a claim as a § 2255 motion is reversible error.  *See Carvajal*, 31 Fed. App'x 155, at *1.  Motions under 28 U.S.C. § 2241 must normally be brought in the place of the Petitioner's confinement, which in this case is the California City Correctional Center, located in California City, California.  Therefore, the Court appears to lack statutory jurisdiction to hear the claim.

Normally, the Court would transfer the case to the place of the petitioner's confinement.  *See* 28 U.S.C. § 1631.  When a court lacks jurisdiction, § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court.  However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy.  *Chandler v. Commander, Army Fin. & Accounting Cir.*, 863 F.2d 13, 15 (5th Cir. 1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the

merits when deciding whether to transfer or dismiss).  The Court will therefore "take a peek" at the merits of Torres' motion to determine whether transfer would serve the interest of justice.

Torres' equal protection and due process claims lack merit.  He has not alleged that denying deportable aliens program benefits available to federal prisoners or a chance to serve time in a minimum security facility or a community correction center lacks a rational basis.  *Cf. Rublee*, 160 F.3d 213, 217 (5th Cir. 1998) (holding that flight risk of deportable aliens is a rational basis for ineligibility for community–based programs); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1988) (applying "rational basis" review of equal protection claim to have right to early release).  The Bureau of Prison's exclusion of INS detainees such as Torres from halfway houses and minimum security prisons is therefore constitutional.  Moreover, there is no constitutional right to be released before the expiration of a valid sentence.  *Wottlin*, 136 F.3d at 1037.  Torres' claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim.  *See* § 1631; *Chandler*, 210 F.3d at 1150.

## III.    CONCLUSION

For the reasons stated above, Torres' motion pursuant to § 2255 is **DISMISSED** with prejudice on the merits.

**IT IS SO ORDERED.**

Signed this 23rd day of October, 2008, in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**